UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRED J. TURNER,
    Petitioner,

vs.                                          Case No.: 3:20cv5792/LAC/EMT

WARDEN JOSPEH,
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner Fred J. Turner (Turner), an inmate of the federal Bureau of Prisons (BOP) proceeding pro se, commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1). Turner subsequently filed an Amended Petition (ECF No. 9). On behalf of Respondent Warden Joseph, the United States Attorney's Office (Government) filed a Motion to Dismiss for Lack of Jurisdiction (ECF No. 20). Turner filed a response in opposition to the motion to dismiss (ECF No. 23). Turner also filed a motion requesting that the court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of three documents attached to his motion (*see* ECF No. 21).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C). After careful

consideration of the filings and attachments presented by the parties, it is the opinion of the undersigned that the court lacks jurisdiction over Turner's habeas petition.

I.    BACKGROUND AND PROCEDURAL HISTORY

The parties do not dispute the following background facts and procedural history.  Turner was charged in the United States District Court for the Middle District of Florida, Case No. 8:15cr264-T-23AAS, with one count of conspiring to distribute and dispense controlled substances not for a legitimate medical purpose and not in the usual course of professional practice, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count One); four counts of distributing hydrocodone, oxycodone, morphine, or hydromorphone, not for a legitimate medical purpose and not in the usual course of professional practice, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Counts Two through Five); and one count of conspiring to unlawfully bring an alien to the United States, in violation of 8 U.S.C. § 1324(a)(1) (Count Six) (*see* ECF No. 20 at 2; *see also* ECF No. 21-1 at 1 (partial copy of judgment)).  A jury found Turner guilty of all charges (*see id.*).  On December 6, 2017, the district court sentence Turner to a total term of 151 months in the BOP, followed by a total term of 36 months of supervised release (*see* ECF No. 20 at 2; ECF No. 21-1 at 1–8 (partial copy of judgment)).

Turner appealed the judgment to the Eleventh Circuit Court of Appeals, Case No. 17-15539 (*see* ECF No. 9 at 2; ECF No. 20 at 2). The Eleventh Circuit affirmed the convictions and sentences on November 7, 2019. *United States v. Cannata, et al.*, 791 F. App'x 143 (11th Cir. 2019).

On March 21, 2020, Turner filed a motion to vacate under 28 U.S.C. § 2255 in the Middle District of Florida, Case No. 8:20cv708-T-23AAS (*see* ECF No. 9 at 2; ECF No. 20 at 2–3). Turner's § 2255 motion is still pending in that court.

Turner commenced the instant habeas case by filing a handwritten habeas petition, under 28 U.S.C. § 2241, on September 3, 2020 (ECF No. 1). In his subsequently filed amended petition, Turner asserts the following claims:

> Ground one: "Government lacked standing to sue. Government had no legally protected right being injured by Petitioner's putatively prohibited conducts [sic]."
>
> Ground two: "Government did not lawfully charge 'conspiracy.' 21 U.S.C. is not a legislative provision allowing criminal charging; it is in fact only a sentence directive; it lacks the required criminal intent elements: 1) mens rea; and 2) actus reus."
>
> Ground three: "Lack of evidence of specific intent over [sic] 21 USC 841(a)(1). Doctors are required to prescribe medications and are licensed to do so by DEA and the State: lacking in any legislation by the US Government on 'what' to prescribe a patient, leaves discretion with doctor, license by State."

> Ground four: "Substantive Due Process violations. In reliance on Grounds 1–3, Petitioner was denied substantive due process; accordingly convictions cannot stand."

(ECF No. 9 at 3–4). Turner requests that the court declare his convictions void and immediately release him from prison (*id.* at 6). He acknowledges that his § 2255 motion is pending in the district court that convicted and sentenced him (*id.* at 2).

The Government seeks dismissal of the § 2241 petition for lack of jurisdiction (*see* ECF No. 20). In essence, the Government contends that because Turner's claims attack the validity of his convictions, as opposed to the continuation or execution of a valid confinement, his claims are properly brought in a § 2255 motion filed in the district court that convicted him (*id.* at 3–4). The Government acknowledges that § 2255 contains a "saving clause" that permits a defendant to utilize § 2241 to attack the validity of a federal sentence where § 2255 is "inadequate or ineffective" (*id.* at 5). But the Government argues that Turner's claims do not qualify under the saving clause; therefore, they must be brought in a § 2255 motion filed in the district of conviction (*id.* at 5–6).

Turner contends habeas corpus is a "writ of right" and has "unlimited applicability" (*see* ECF No. 23 at 4, 10–11). He further contends the restrictions on his seeking relief under § 2241 violate the Suspension Clause (*see id.* at 13–23).

Case No.: 3:20cv5792/LAC/EMT

Page 5 of 10

II.  DISCUSSION

Before 1948, federal prisoners who collaterally challenged any aspect of their detention did so in a § 2241 petition, which had to be filed in the district where they were incarcerated.  *See United States v. Hayman*, 342 U.S. 205, 206–07 (1952).  That regime proved problematic after Congress expanded the scope of collateral relief for federal prisoners, opening the floodgates to a tidal wave of petitions that inundated the few district courts where federal penitentiaries were located.  *See id.* at 212–14.  There were also "serious administrative problems" in litigating collateral petitions because courts in the district of incarceration were often far from the district of conviction and sentencing, and hence far from the relevant records, witnesses, prosecutors, and defense counsel.  *See id.*  To alleviate that burden and remedy those administrative problems, Congress enacted 28 U.S.C. § 2255, which generally requires federal prisoners who seek to collaterally attack their conviction or sentence to file a motion to vacate in the district where they were convicted and sentenced.  28 U.S.C. § 2255(a); *see also Hayman*, 342 U.S. at 218–19; *McCarthan v. Dir. of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076, 1082 (11th Cir. 2017) (en banc).

Section 2255 permits a prisoner to contest his sentence by motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It authorizes the court to provide specified relief if the court finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). The rule provides that the motion is to be filed in "the court which imposed the sentence." *Id.* § 2255(a).

A § 2255 motion is the exclusive procedure for a federal prisoner to seek collateral relief unless he can satisfy the "saving clause" at the end of § 2255(e), which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

*Id.* § 2255(e) (emphasis added); *see also McCarthan*, 851 F.3d at 1081. A district court may exercise jurisdiction over a federal prisoner's § 2241 petition only if the

saving clause of § 2255(e) applies. *See Amodeo v. FCC Coleman–Low Warden*, 984 F.3d 992, 997 (11th Cir. 2021) (citing *McCarthan*, 851 F.3d at 1080).

In *McCarthan*, the en banc Court announced these requirements for the narrow saving clause exception:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

*Id.* at 1086–87.

As explained in *Amodeo*, *McCarthan* made clear that the most important words in the saving clause are "remedy" and "test." *Amodeo*, 984 F.3d at 998 (citing *McCarthan*, 851 F.3d at 1099). In *Amodeo*, the court emphasized that a "motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention *only when it cannot remedy* a particular kind of claim." *Amodeo*, 984 F.3d at 998 (citing *McCarthan*, 851 F.3d at 1099). If § 2255 offers a remedy for a particular kind of claim, a motion filed under it provides a meaningful opportunity to test that kind of claim, and the saving clause does not apply. *See Amodeo*, 984 F.3d at 998. As the Eleventh Circuit stated in *Amodeo*:

> In *McCarthan* we . . . explained that our interpretation of the § 2255(e) language recognizes two categories of cases that fit within the saving clause and permit federal prisoners to seek relief under § 2241. [851 F.3d at 1092–93].
>
> The first category comprises cases in which a federal prisoner seeks "to challenge the *execution* [as opposed to the legality] of his sentence, such as the deprivation of good-time credits or parole determinations." *Id.* (emphasis added).
> . . . .
> The second category of cases that fit within the narrow confines of the saving clause are those in which the sentencing court is unavailable or dissolved, or where practical considerations like "multiple sentencing courts" prevent a federal prisoner from filing a § 2255 motion. *McCarthan*, 851 F.3d at 1093. As we have mentioned, a § 2255 motion must be filed with the sentencing court, 28 U.S.C. § 2255(a), and it cannot provide a remedy for a claim when the court in which the prisoner must file the motion is not available or no longer exists.

*Amodeo*, 984 F.3d at 998–1000 (footnote omitted). "Only in those kinds of limited circumstances is the remedy by [§ 2255] motion inadequate or ineffective to test the legality of a federal prisoner's detention." *Amodeo*, 984 F.3d at 1000 (internal quotation marks and citations omitted).

Here, Turner does not seek to challenge the *execution* of a validly imposed judgment and sentence; rather, he seeks to collaterally attack the *validity* of his convictions. Therefore, his habeas claims do not fit within the first category of cases recognized in *McCarthan* as qualifying within the narrow confines of the saving

Case No.: 3:20cv5792/LAC/EMT

clause. Additionally, the district court that imposed Turner's judgment and sentence still exists and is available. Therefore, Turner's claims do not fit within the second category of cases recognized in *McCarthan* as qualifying under the saving clause. Finally, the court rejects Turner's Suspension Clause argument as without merit. *See Swain v. Pressley*, 430 U.S. 372, 377–78 (1977) (noting that § 2255 was enacted in 1948, and that the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ) (*citing Hayman*, 342 U.S. at 223).

III. CONCLUSION

A § 2255 motion is Turner's exclusive vehicle for presenting the collateral challenges to his judgment and sentence asserted in his amended § 2241 petition. This case does not fit within the narrow confines of the saving clause of § 2255(e), as interpreted by the Eleventh Circuit in *McCarthan*. Therefore, Turner's habeas petition should be dismissed for lack of jurisdiction.

Accordingly, it is **ORDERED**:

Petitioner's motion to take judicial notice (ECF No. 21) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1. That Respondent's Motion to Dismiss for Lack of Jurisdiction (ECF No. 20) be **GRANTED** and the Amended Petition (ECF No. 9) **DISMISSED** for lack of jurisdiction.

2. That the clerk of court be directed to enter judgment accordingly and close the case.

At Pensacola, Florida this 10th day of March 2021.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.